IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRET ALLEN PATTERSON )
)
v. ) NO. 3:07-0029
)
WAYNE BRANDON, WARDEN )

TO: Honorable Robert L. Echols, District Judge

# REPORT AND RECOMMENDATION

By Order entered May 18, 2007 (Docket Entry No. 17), the Court referred the instant Petition for a Writ of Habeas Corpus filed under 28 U.S.C. § 2254 to the Magistrate Judge for further proceedings under Rule 8(b) of the Rules Governing Section 2254 Cases, 28 U.S.C. § 636(b)(1)(B), and Rule 7 of the Local Rules for Magistrate Judge Proceedings.

Presently pending before the Court is Respondent's Motion to Dismiss (Docket Entry No. 14), to which Petitioner has filed a response in opposition (Docket Entry No. 16). For the reasons set out below, the Court recommends that the motion to dismiss be denied.

## I. PETITION AND BACKGROUND

Petitioner is currently an inmate of the Tennessee Department of Correction ("TDOC") confined at the Turney Center Industrial Prison & Farm. On January 8, 2007, he filed the instant petition for habeas corpus relief under 28 U.S.C. § 2254 seeking his release from incarceration. His petition raises nineteen grounds for relief. See Docket Entry No. 1.[1]

In February 1988, Petitioner was convicted by a jury in Montgomery County of two counts of first degree murder, one count of first degree burglary, and one count of aggravated rape for

---

[1] On October 10, 1996, Petitioner filed a prior federal petition for relief under 28 U.S.C. § 2254. Patterson v. Holland, No. 3:96-0934. By Order entered April 8, 1999, this petition was dismissed without prejudice to refiling after the plaintiff had exhausted his state court remedies.

crimes arising from the killing of a husband and wife in their home on January 9, 1987. Two consecutive life sentences for the murder convictions, a consecutive sentence of 40 years for the rape conviction, and a ten year concurrent sentence for the burglary conviction were imposed upon Petitioner at sentencing. Petitioner's direct appeal was denied and his conviction and sentences were affirmed by the Tennessee Court of Criminal Appeals on December 8, 1989. The Tennessee Supreme Court denied his request for permission to appeal on March 5, 1990. See Docket Entry No. 14, Exhibit A.

On October 29, 1992, Petitioner filed a petition in the state court for post-conviction relief. He subsequently amended the petition three times. The petition was denied after a hearing, and on September 10, 1999, the Tennessee Court of Criminal Appeals affirmed the judgment of the post-conviction court. Petitioner's application for permission to appeal was denied by the Tennessee Court of Criminal Appeals on April 24, 2000. See Docket Entry No. 14, Exhibit C.

On March 27, 2001, Petitioner filed a motion to reopen his prior post-conviction relief petition. He subsequently moved the state court to accept an amended post-conviction petition instead of his motion to reopen and later filed an "amended motion for DNA testing of evidence and petition for post-conviction relief." See Docket Entry No. 14, Exhibit E, at 2. On May 3, 2004, the State court addressed the claims raised by Petitioner and denied the petition. On October 26, 2006, the Tennessee Court of Criminal Appeals affirmed dismissal of the petition. See Docket Entry No. 14, Exhibit E. Petitioner did not seek permission to appeal to the Tennessee Supreme Court from this decision.

## II. MOTION TO DISMISS AND RESPONSE

In lieu of an answer, Respondent filed the pending motion to dismiss. Respondent argues that the petition is barred by the one year statute of limitations set out at 28 U.S.C. § 2244(d)(1) because it was not timely filed. Respondent agrees that the state post-conviction relief proceeding initiated by Petitioner in 1992 tolled the one year statute of limitations until that proceeding was

finally resolved on April 24, 2000. Respondent contends that Petitioner had one year from this date within which to file his petition but that the instant petition was not filed until January 8, 2007.

Respondent argues that the state post-conviction relief proceeding initiated by Petitioner upon the filing of his motion to reopen on March 27, 2001, failed to toll the further running of the statute of limitations under 28 U.S.C. § 2244(d)(2). Respondent contends that the motion to reopen and the subsequent filings in that proceedings were not a part of the single petition for post-conviction relief contemplated by the Tennessee Post-Conviction Procedure Act, Tenn. Code. Ann. § 40-30-102(c), and, thus, did not trigger the tolling provision of Section 2244(d)(2). See Motion to Dismiss (Docket Entry No. 14) at 4-7.

In response, Petitioner contends that the state trial court accepted his motion to reopen the post-conviction proceeding, appointed counsel, ordered the state to respond, held a hearing, and addressed the issues raised by Petitioner in that proceeding and that the state appellate court addressed the issues he raised upon appeal. Petitioner asserts that he has diligently pursued his claims for relief in the state and federal courts and to bar the instant petition as untimely filed would be improper. See Petitioner's Response (Docket Entry No. 16).

### III. LEGAL CONCLUSIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), established a one year limitations period during which a state prisoner can bring a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1) provides that the one year limitations period begins to run from the latest of the following events:

> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

For prisoners whose convictions became final prior to the effective date of the AEDPA on April 24, 1996, and who cannot show a triggering date under subsections B, C, or D, there is a one year grace period from the effective date of the AEDPA within which they are permitted to file a habeas petition. See Griffin v. Rogers, 399 F.3d 626, 631-32 (6th Cir. 2005); Cook v. Stegall, 295 F.3d 517, 519 (6th Cir. 2002).

In the instant action, Petitioner's conviction became final prior to the effective date of the AEDPA. Because Petitioner does not argue that subsection B, C, or D of Section 2244(d)(1) applies to his case, the statute of limitations was triggered on April 24, 1996, the beginning of the one year grace period.

However, at the time the statute of limitations was triggered, Petitioner had a post-conviction relief proceeding pending in the state courts. Section 2244(d)(2) of the AEDPA provides that:

> the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending shall not be counted toward any period of limitations under this subsection.

Accordingly, the statute of limitations was tolled under this provision until the proceeding was finally resolved on April 24, 2000, when the Tennessee Supreme Court denied Petitioner's application for permission to appeal from the denial of his request for post-conviction relief. At this time, the statute of limitations began to run, and 337 days of the one year period passed until March 27, 2001, when the Petitioner filed his motion to reopen the post-conviction relief proceedings.

Respondent argues that the motion to reopen has no significance to determination of timeliness because the state court proceeding initiated by Petitioner on March 27, 2001, does not qualify for statutory tolling under Section 2244(d)(2). Respondent asserts that the Tennessee Post-Conviction Procedure Act contemplates the filing of only one petition for post-conviction relief attacking a single judgment as set out in Tenn. Code Ann. § 40-30-102(c), which states:

> This part contemplates the filing of only one (1) petition for post-conviction relief.

4

Case 3:07-cv-00029   Document 21   Filed 02/25/08   Page 4 of 7 PageID #: 467

> In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed. A petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in § 40-30-117.

Tenn. Code Ann. § 40-30-117(a) provides that a motion to reopen the first post-conviction petition may be filed only if the following applies:

> (1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or
>
> (2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and
>
> (4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

The Court finds no merit to Respondent's argument. The language of Section 2244(d)(2) requires that for statutory tolling to apply there must be "a properly filed application for State post-conviction or other collateral review" which is "pending." There is no language in Section 2244(d)(2) which limits the period of statutory tolling to a single state application for post-conviction or other collateral relief. To be sure, the language of Section 2244(d)(2) does impose some limitations on the application of statutory tolling. A petitioner may not be entitled to the benefit of statutory tolling under Section 2244(d)(2) if his state collateral petition is not "properly filed," due to its untimeliness under state law, Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), or if it is not "pending," due to its failure to be filed prior to the end of the one year period of limitations, Vroman v. Brigano, 346 F.3d 598 (6th Cir. 2003), or because of the

5

petitioner's attempt to include within the period of tolling the 90 day period for filing for a writ of certiorari from the denial of state collateral relief, Lawrence v. Florida, __U.S.__, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007). However, Respondent does not argue that any of these situations apply to the instant case.

Furthermore, the argument made by Respondent has already been rejected by this Court in Lawrence v. Parker, No. 3:05-0627, Memorandum and Order entered September 29, 2006 (Docket Entry Nos. 34 and 35) (Echols, J.). In Lawrence, this Court reviewed the Tennessee Post-Conviction Procedure Act and the decisions in Carter v. State, 952 S.W.2d 417, 419 (Tenn. 1997), and Howell v. State, 151 S.W.3d 450, 460 (Tenn. 2004), and determined that the Tennessee General Assembly and the Supreme Court of Tennessee consider a motion to reopen a completed post-conviction petition as part of the ordinary course of Tennessee's post-conviction review process. Like the respondent in Lawrence, the instant Respondent cites an unpublished case from the Eastern District of Tennessee, Nimmons v. Carlton, No. 3:05-cv-353 (E.D. Tenn. Dec. 21, 2005) in support of its argument. However, in Lawrence, this Court declined to follow Nimmons[2] and instead followed two other cases from the Eastern District of Tennessee, Fritts v. Mills, 2005 WL 2416997 (E.D. Tenn., Sept. 30, 2005) (unpublished); Cochran v. Dodson, 2005 WL 1804530 (E.D. Tenn., July 27, 2005) (unpublished), both of which found that a motion to reopen a post conviction petition does implicate statutory tolling under Section 2244(d)(2). Respondent sets forth no arguments in support of his position which were not addressed and rejected in Lawrence and offers no arguments for why the reasoning in Lawrence should not be followed in the instant action.[3]

Thus, the one year statute of limitations was tolled from the filing of petitioner's motion to reopen on March 27, 2001. The Tennessee Court of Criminal Appeals affirmed the denial of the post-conviction relief proceeding on October 26, 2006. Under Rule 11 of the Tennessee Rules of

---

[2] In Lawrence, this Court also distinguished Fuller v. Thomas, 110 Fed.Appx. 496 (6th Cir. 2004), which was relied on by the court in Nimmons, as a case which involved a delayed appeal under Ohio law and not a motion to reopen a post-conviction relief petition under Tennessee law.

[3] In fact, Respondent made no mention whatsoever of Lawrence in his motion to dismiss.

6

Appellate Procedure, Petitioner had sixty (60) days within which to seek permission to appeal this decision to the Tennessee Supreme Court. However, he did not seek such permission, and the period of statutory tolling under Section 2244(d)(2) ended on December 26, 2007, when this sixty (60) day time period ended. As of December 26, 2007, 337 days of the one year statute of limitations had passed leaving 28 days within which Petitioner had to file his federal habeas petition.

The record in the action reflects that the instant petition and Petitioner's application to proceed in forma pauperis in the action were received by the Clerk's Office for filing on December 26, 2007.[4] See Docket Entry Nos. 1 and 4. Accordingly, the instant petition was timely filed within the period remaining in the statute of limitations.

## RECOMMENDATION

Based on the foregoing reasons, the Court respectfully RECOMMENDS that Respondent's motion to dismiss (Docket Entry No. 14) be DENIED and that Respondent be ordered to answer the petition.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this Report, or the proposed findings or recommendation to which objection is made. Failure to file objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[4] Respondent refers to the January 8, 2007, filing date. That is, in fact, the file stamped date of the front of the Petition. However, the back of the Petition bears a "received" stamped date of December 26, 2006. However, whether the January 8, 2007, or December 26, 2006, date applies is immaterial since both were within the remaining 28 days.

7