UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRET ALLEN PATTERSON,      )<br>                            )<br>     Petitioner,           )<br> v.                         )   No. 3:07-0029<br>                            )   JUDGE ECHOLS<br> WAYNE BRANDON, WARDEN,     )<br>                            )<br>     Respondent.            ) | |

### ORDER

Pending before the Court are the Report and Recommendation ("R&R") entered by the Magistrate Judge on February 25, 2008 (Docket Entry No. 21), Respondent's Objection to Report and Recommendation (Docket Entry No. 23), Respondent's Motion to Dismiss (Docket Entry No. 14) the Petition For Writ Of Habeas Corpus By A Person In State Custody (Docket Entry No. 1), and Petitioner's response in opposition to the Motion to Dismiss (Docket Entry No. 16). The Magistrate Judge recommends that Respondent's Motion to Dismiss should be denied.

When a party makes a timely objection to a Report and Recommendation, the Court must conduct a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b); L.R.M.P. 9(b). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1).

Title 28 U.S.C. § 2244(d)(1) provides that a one-year statute of limitations applies to a federal habeas petition brought under 28 U.S.C. § 2254. The Magistrate Judge correctly determined that 337 days of the one-year statute of limitations passed before Petitioner filed a motion to reopen his state post-conviction action on March 27, 2001. While the motion to reopen was pending in state court, Petitioner amended his petition to assert various grounds for post-conviction relief and added a request for DNA testing under the Post-Conviction DNA Analysis Act of 2001. Tenn. Code Ann. §§ 40-30-301 *et seq.*

The state court denied the request for DNA testing on the merits and also denied the various other grounds for post-conviction relief as having been previously litigated or determined in prior state court proceedings or as failing to satisfy a permissible ground for re-opening a post-conviction action as stated in Tenn. Code Ann. § 40-30-117(a). The state court's decision on the motion to reopen was affirmed on appeal and the sixty-day period for seeking review in the Tennessee Supreme Court, which Petitioner did not pursue, expired on December 26, 2006.

The Magistrate Judge correctly determined that the federal habeas statute of limitations again commenced to run on December 26, 2006, with 28 days remaining. This Court received the habeas petition on December 26, 2006, and it was filed on January 8, 2007, when Petitioner paid the filing fee. Thus, the

2

Magistrate Judge properly determined that the habeas petition is timely filed and Respondent's Motion to Dismiss should be denied.

Respondent specifically objects to the Magistrate Judge's finding that "[t]here is no language in Section 2244(d)(2) which limits the period of statutory tolling to a single state application for post-conviction or other collateral relief." (R&R at 5.) Respondent contends that the purpose of the tolling period is to afford the state "the opportunity to complete one full round of collateral review free from federal interference[,]" citing Carey v. Saffold, 536 U.S. 214, 222 (2002) and Lawrence v. Florida — U.S. —, 127 S.Ct. 1079, 1083 (2007). Tennessee law provides for only one post-conviction action, Tenn. Code Ann. § 40-30-102, and Respondent suggests the "only way a movant can reopen a case that is no longer pending before the state courts is by virtue of the special circumstances enumerated in Tenn. Code Ann. § 40-30-117(a)." (Objection at 2.) Respondent contends that nothing in the statute or Tennessee Supreme Court Rule 28, § 2(C) suggests that a motion to reopen is part of the ordinary course of post-conviction review.

As the Magistrate Judge carefully explained in the R&R, the Court resolved this issue in Lawrence v. Parker, No. 3:05-0627, (M.D. Tenn. Sept. 29, 2006) where the Court followed Fritts v. Mills, 2005 WL 2416997 (E.D. Tenn. Sept. 30, 2005) (unpublished) and Cochran v. Dodson, 2005 WL 1804530 (E.D. Tenn. July 27, 2005)

3

(unpublished), and rejected Nimmons v. Carlton, No. 3:05-cv-353 (E.D. Tenn. Dec. 21, 2005), to hold that the Tennessee General Assembly and the Supreme Court of Tennessee consider a motion to reopen a completed post-conviction petition as part of the ordinary course of Tennessee's post-conviction review process. In stating that § 2244(d)(2) does not itself limit a petitioner to one state post-conviction motion, the Magistrate Judge was merely commenting on the content of the statute. It is well-understood by the Magistrate Judge, this Court and Respondent that case law must be consulted in order to understand how the statute of limitations applies in practice.

"[T]he question whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar." Artuz v. Bennett, 531 U.S. 4, 9 (2000). Here, the state court accepted Petitioner's motion to reopen his completed post-conviction action as timely filed and proceeded to address the claims raised within it. Other than the DNA claim, which the state court addressed on the merits because Tennessee law allows such a claim to be raised at any time, Tenn. Code Ann. § 40-30-303, the state court rejected the run-of-the-mill post-conviction claims on procedural grounds. These rulings will affect how this Court determines issues now raised in the federal habeas petition, but there is no question that the state court treated Petitioner's motion to re-open as "properly filed." For this reason, the

4

Magistrate Judge correctly determined that the federal habeas statute of limitations was tolled under § 2244(d)(2) while the motion to reopen was pending in state court. Accordingly,

(1) the Report and Recommendation entered by the Magistrate Judge on February 25, 2008 (Docket Entry No. 21) is hereby ACCEPTED;

(2) Respondent's Objection to Report and Recommendation (Docket Entry No. 23) is hereby OVERRULED;

(3) The Court holds that the Petition For Writ Of Habeas Corpus By A Person In State Custody (Docket Entry No. 1), brought under 28 U.S.C. § 2254, is not barred by the one-year statute of limitations, 28 U.S.C. § 2244(d)(1);

(4) Respondent's Motion to Dismiss (Docket Entry No. 14) is hereby DENIED; and

(5) Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, Respondent shall file an Answer to the Petition **no later than thirty (30) days after entry of this Order**, and Petitioner may file a reply **no later than twenty (20) days after service of Respondent's Answer.**

This case is hereby returned to the Magistrate Judge for further proceedings under the original Order of Reference. (See Docket Entry No. 17).

IT IS SO ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE